[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays have expired.
Having heard the testimony of the parties, the court finds that the plaintiff and defendant intermarried at Chatham, Massachusetts on August 2, 1997; that the plaintiff has resided continuously in Connecticut for more than one year preceding the filing of the complaint; that there are no minor children issue of the marriage and no other minor children have been born to the defendant wife since the date of the marriage; that neither party have received any assistance from any state or municipal agency; and that the marriage has broken down irretrievably without any hope for reconciliation.
Plaintiff husband is a 56 year old individual who is presently employed at the Navy Exchange; is receiving a pension as a result of his prior Naval service, and is in reasonably good health. He alleges that the marriage has broken down by virtue of constant arguing and harassment which has continued even after he left the marital household in August or September, 2001.
Defendant wife is a 64 year old individual who is presently unemployed and stated that she did not intend to seek employment. She alleges that the marriage broke down due to his drinking problem; for his failure to do the chores at the marital household; for his being untidy while she was a fanatic for cleanliness, and she also alleged that plaintiff was having an affair with another woman. Defendant has a limited education, and due to health problems has limited employment skills. The evidence indicated that she was still able to drive a vehicle and that she was employed in the past as a taxi and livery operator. She further testified that she provided home health care for plaintiffs father prior to his death, but that she would be limited to light duty in that field due to CT Page 6808 her health. Her only income at the present time is her Social Security in the amount of $380.00 per month and the alimony pendente lite in the amount of $150.00 per week, although the court concludes that she has some additional earning capacity. She also admitted to leaving a variety of non-complimentary notes on the windshield of plaintiffs vehicle.
The evidence further indicated that plaintiffs father died in March, 2001 and that plaintiff would be receiving an inheritance of approximately $265,000.00 from his father's estate. Defendant is claiming that she should receive a substantial portion of plaintiffs inheritance.
The court concludes that defendant failed to prove that plaintiff was having an affair with another woman, but based on all of the testimony, the court does conclude that the marriage has broken down irretrievably without any hope of reconciliation, and accordingly a decree of dissolution may enter.
In entering its other orders, the court considered the provisions of Connecticut General Statutes §§ 46b-81 and 46b-82, and orders:
1. ALIMONY
The plaintiff shall pay alimony to the defendant in the amount of $150.00 per week for a period of four years, which alimony shall be non-modifiable as to term and amount, and such alimony shall terminate upon the first of the occurrence of the following events:
a. death of either party
b. remarriage of the defendant
 c. cohabitation by the defendant with a third party as provided by statute, or
d. expiration of the four-year term from the date of this judgment.
2. MOTOR VEHICLES
Plaintiff shall retain the 1988 Ford Ranger and 1994 Oldsmobile Cutlass and be responsible for and hold the defendant harmless from any debts or costs related thereto. Defendant shall retain the 1991 Ford Escort free of any claim of right, title or interest by the plaintiff, and defendant shall hereafter be responsible and hold the plaintiff harmless for all debts or costs associated therewith.
3. PLAINTIFF'S INHERITANCE
CT Page 6809
The court awards the defendant the sum of $18,000.00 from plaintiffs inheritance. Said sum is based on the fact that defendant did provide home health care for plaintiffs father for approximately three months during the decedent's final months, and that the reasonable value of such services in a nursing home would approximate $6,000.00 per month.
4. ATTORNEY FEES
Plaintiff is ordered to pay the sum of $1,000.00 towards defendant's attorney fees.
5. SAVINGS
Plaintiff is ordered to assign to the defendant one-half of the 401(k) account in the amount of $2,000.00 and transfer one-half of the Charter Oak FCU bank account in the amount of $550.00. The evidence indicated that both of these accounts were accumulated during the marriage.
 ___________________ J.H. Goldberg, JTR